## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

THOMAS LEINENWEBER, as Independent )
Administrator of the ESTATE OF JAE )
HARRELL, deceased, )
                     Plaintiff, )

v. )

DUPAGE COUNTY, DUPAGE COUNTY )
JAIL, DUPAGE COUNTY SHERIFF'S )
OFFICE, and JOHN E. ZARUBA, )
  )
                Defendants, )

```
FILED: MAY 30, 2008
Case No.  08CV3124   RCC
JUDGE MANNING
MAGISTRATE JUDGE COLE
```

Jury Demand

## COMPLAINT

NOW COMES the Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased, by and through his attorneys, DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD., and as and for his Complaint at law against the Defendants, DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, states as follows:

### I. JURY DEMAND

Plaintiff demands trial by jury.

### II. JURISDICTION

This action arises under the Eighth Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1343.

## III. VENUE

Venue is proper in the United States District Court for Illinois for the Northern District, pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2), as the Defendants are in the Northern District of Illinois.

## IV. FACTS COMMON TO ALL COUNTS

1.     The Plaintiff decedent, JAE HARRELL, (hereinafter referred to as "Jae") was an individual who was born on December 5, 1982, and died June 2, 2007.  Jae's death certificate, issued by the Dupage County Health Department, identifies the cause of death as suicide by self-inflicted hanging.

2.     Plaintiff, THOMAS LEINENWEBER, (hereinafter referred to as "Thomas") is the Public Administrator for DuPage County, and has been appointed the Independent Administrator of the Estate of Jae.

3.     Thomas was appointed administrator of the Estate of Jae, in case no.2007 P 907 in the Circuit Court of the Eighteenth Judicial Circuit of Illinois.

4.     James Dean Saxman, (hereinafter referred to as "James") is a minor born May 17, 2007, and is the son of Jae and the sole next of kin of Jae.

5.     This action arises under the Constitution and laws of the United States, and the Constitution and laws of the State of Illinois.

6.     DUPAGE COUNTY, (hereinafter referred to as "County") was at all relevant times hereto a county in Illinois and which operated and controlled the DuPage County Jail, through the DuPage County Sheriff's Office.

7.      On June 2, 2007, and for a long time prior thereto, the DUPAGE COUNTY JAIL, (hereinafter referred to as "Jail") was a jail facility operated by the County and under and by virtue of the laws of the State of Illinois and the United States of America.

8.      Defendant, DUPAGE COUNTY SHERIFF'S OFFICE, (hereinafter referred to as "Office") is located at 501 North County Farm Road, Wheaton, Illinois, and is responsible for staffing and operating the Jail on a day to day basis.

9.      The Jail is located at 501 North County Farm Road, Wheaton, Illinois.

10.     The Sheriff, JOHN E. ZARUBA, (hereinafter referred to as "Zaruba") was at all relevant times hereto the Sheriff of DuPage County.

11.     At all relevant times prior to June 2, 2007, Defendants, and various unknown guards and deputy Sheriffs employed by DuPage County, and each of them were charged with the responsibility of maintaining, safeguarding and running the aforesaid Jail.

12.     At all times relevant hereto, the various unknown guards and unknown Sheriff deputies were agents, employees and/or servants of DuPage County and were employed to act within the course and scope of said agency, employment and/or servitude.

13.     On or about March 26, 2007, through and including June 2, 2007, Jae was incarcerated at the DuPage County Jail.

14.     On information and belief, at all relevant times hereto, the Jail had no prisoner and/or only had a limited prisoner classification system for purposes of having inmates in cells.

15.     On information and belief, Defendants had a policy, practice and/or custom not to designate and/or categorize all prisoners while incarcerated at the Jail.

16.     On information and belief, it was the custom and practice of the Jail and County not to classify prisoners, because prisoners were normally single celled, meaning an inmate was placed in a cell by himself and not with another inmate.

3

17.    Jae was incarcerated as a result of the homicidal death of his mother, on or about March 24, 2007. Jae was charged with first degree murder, as a result of his mother's death.

18.    It was alleged that Jae used a blunt object to strike his mother in the head and then strangled her to death.

19.    Prior to March 24, 2007, Jae had been a drug addict. At times prior to his incarceration for his mother's death, Jae was a known user of heroin and other illegal substances.

20.    On information and belief, at times prior to March 24, 2007, Jae had been diagnosed and/or treated with various mental illnesses and/or defects for which he had received treatment from time to time.

21.    Prior to March 24, 2007, Jae had been incarcerated at various times within the DuPage County Jail for various offences on several occasions, including but not limited to, theft, possession of a controlled substance, and assault.

22.    On information and belief, some time prior to March 24, 2007, Jae attempted to kill himself and/or threatened to kill himself while he was incarcerated in the Jail.

23.    On information and belief, after being incarcerated at DuPage County Jail upon the charge of homicide, beginning on or after March 26, 2007, Jae began to contemplate suicide.

24.    Jae was originally placed in a cell on the second floor of the Jail, with the general population.

25.    During the period of March 26, 2007, through June 2, 2007, while incarcerated within the Jail, Jae's appearance and demeanor declined and deteriorated. Jae's physical appearance was also deteriorating.

26.    After being incarcerated at the Jail for some time after March 24, 2007, Jae was placed on suicide watch or mental health watch by the Defendants.

4

27.    Jae was then placed in a cell on the first floor of the Jail thereafter, purportedly for the purpose of suicide watch or mental health watch by Defendants.

28.    During the period of his incarceration, Jae began to display bizarre behaviors which visitors observed.  It appeared as if Jae was hearing voices and/or was delusional, and was otherwise having mental health issues.

29.    Jae's mental health declined from March 26, 2007, through and including June 2, 2007. This decline in Jae's mental health was readily observable by those who came in contact with him, including his visitors during said time period.

30.    At least one visitor of Jae's observed these bizarre and concerning behaviors.  Angelo Valdez observed the above identified behaviors, and just a few days before Jae's death, Angelo Valdez questioned Jae if he had been seen by a physician or psychiatrist since being incarcerated within the Jail.  Jae advised as of a few days before his death that he had not seen a physician or a psychiatrist.  Jae advised that he had not had any mental health screening since being incarcerated within the Jail.

31.    Notwithstanding that the Defendants were on notice of Jae's potential to cause self-inflicted harm, on or about June 2, 2007, Jae hanged himself while incarcerated at the Jail and died.

32.    It is a governmental obligation and duty to protect prisoners from self-destruction and self-injury.

33.    Upon Jae being incarcerated within the DuPage County Jail, the Defendants and the unknown officers and unknown Sheriff deputies, knew or should have known of Jae's alleged brutal crime, the murder of his mother, and that he was a known drug abuser.

34.     Jae was incarcerated at DuPage County Jail in a manner and under conditions posing a substantial risk of serious harm, of which Defendants knew or should forseeably have known.

35.     Defendants were deliberately indifferent to the Plaintiff decedent by allowing Jae access to any material which could be used to commit suicide, and failed to properly watch and observe him.

36.     On June 2, 2007, while in the custody of the Defendant County and Jail, Plaintiff decedent Jae hung himself and died as a result of the hanging.

37.     Defendants knew or should have known the risks and dangers posed to Jae, including but not limited to his history, prior drug use, prior criminal background, the alleged manner of his mother's death, and the fact that he was despondent and deteriorating while in their custody and control.

38.     Defendants knew that it was foreseeable that Jae may attempt to cause harm to himself as evidenced by the fact that they placed him on the first floor of the Jail on a suicide and/or medical watch. Notwithstanding the above knowledge of the Defendants, they failed to take steps to protect Jae. Defendants were reckless, in that they knew about the danger posed to Jae, but failed to respond and protect him.

39.     Defendants were deliberately indifferent to the plight of Jae.

40.     Defendants were aware of the danger and risk of harm to Jae, or should have known of the dangers, but failed to move Jae to a more secure location and/or failed to cause Jae to be properly observed, or to have been treated by a psychiatrist.

41.    Defendants failed to confiscate any and all items that could be used by Jae to injure himself, and as a result thereof failed to take reasonable necessary steps to protect and prevent harm to Jae.

42.    Defendants failed to cause Jae to see a psychiatrist and/or other mental health provider, to address his declining and deteriorating mental state while he was in their custody and control.

43.    As a direct and proximate result thereof and Defendants' failures to protect Jae, Plaintiff decedent Jae hung himself and was found dead at the Jail on June 2, 2007.

44.    Defendants, County, Jail, Office, and Zaruba, under the color of state law adopted and/or put into effect the following policies and procedures and customs, which were in direct violation of 42 U.S.C. § 1983, and which were deliberately indifferent to the serious needs of the prisoners in the custody of the County and DuPage County Jail, one of which was the Plaintiff decedent, Jae:

    a.    failed to require employees of the DuPage County Jail to conduct observations of the prisoners at regular and appropriate intervals;

    b.    failed to regularly and properly train the DuPage County Jail employees in prisoner violence prevention and screening, so that employees were sufficiently trained to deal with required violence prevention techniques;

    c.    allowed and encouraged members of the DuPage County Jail and its employees to obtain and place in jail cells prisoners who were are risk of suicide, without proper and necessary medical and mental health intervention;

7

d.      allowed and encouraged employees of the DuPage County Jail to not confiscate and take from such detainees devices or materials which could be used as an instrument for hanging or otherwise injuring oneself;

e.      adopted informal policies or customs not requiring all detaining officers and employees who place detainees who pose a risk to themselves, to report said risk; and

f.      adopted policies and customs to detain suicidal or potentially suicidal prisoners without obtaining proper medical and psychiatric care for said prisoners.

45.      At the aforesaid date and time, pursuant to the above-mentioned policies, procedures and customs, the Defendants, County, Jail, Office, and Zaruba, and each of them, directly violated 42 U.S.C. § 1983, and the Eighth Amendment of the Constitution of the United States, the Fourteenth Amendment of the Constitution of the United States, and were deliberately indifferent to the serious needs of the Plaintiff decedent, Jae, in that they:

a.      failed to conduct visual observations of Jae at regular and appropriate intervals, including failing to observe Jae at the time that he was hanging himself;

b.      failed to properly recognize that the Plaintiff decedent was a potential suicide victim and/or to take appropriate steps to prevent infliction of self-injury;

c.      failed to employ necessary suicide prevention screening techniques;

d.      detained Plaintiff decedent without first completing the proper mental health assessments; and

e.      detained Plaintiff decedent without first removing any and all devices and/or materials which could be used as an instrument for hanging.

46.     Defendants, under the color of state law, established the aforesaid wrongful policies and procedures, such policies and procedures reflecting the official policies for DuPage County, and Plaintiff decedent was caused to and did perish as a direct and proximate result of those policies while in the custody of the aforesaid.

47.     The Defendants, County, Jail, Office, and Zaruba, and each of them, in exercise of their governmental and proprietary functions, one of which involved the establishment and operation of the DuPage County Jail, under the color of state law, had a duty to exercise reasonable care so as not to invade or infringe upon the constitutional rights and privileges of the members of the public, including prisoners such as plaintiff decedent, Jae.

48.     The Eighth Amendment of the Constitution of the United States imposes a duty on prison officials to provide humane conditions of confinement.

49.     The Defendants committed an Eighth Amendment violation by deliberately being indifferent to the risks that Jae might commit suicide.

50.     The Fourteenth Amendment of the Constitution of the United States imposes a duty on jail officials to provide humane conditions of confinement of detainees before conviction.

51.     The Defendants committed a Fourteenth Amendment violation by being deliberately indifferent to the risk that Jae might commit suicide.

52.     Defendants failed to train its deputy sheriffs to identify and properly respond to suicide risks.

53.     Defendants failed to take preventative measures to prevent suicides, including proper training of deputy sheriffs on measures which can be used to minimize the risk of suicide in jails, such as taking away access of all items which can be used by a prisoner to commit suicide.

54.    At all relevant times hereto, DuPage County, through its Sheriff, DuPage County Sheriff's Office, Jail, and Zaruba, practiced defacto policies, procedures and customs which were a direct and proximate cause of the unconstitutional actions set forth herein.

55.    Notwithstanding the aforesaid duty, Defendants, County, Jail, Office, and Zaruba, were engaged in the performance and acted and placed into effect the aforesaid official policies and procedures, and defacto customs and policies that were deliberately indifferent to the serious risks and needs of the Plaintiff decedent while in the custody of the aforesaid DuPage County Jail, and which were in direct violation and contravention of his rights guaranteed under the Eighth Amendment of the Constitution of the United States, the Fourteenth Amendment of the Constitution of the United States, and 42 U.S.C. § 1983.

56.    During a seven month period covering the time Jae was incarcerated at the Jail, at least three inmates at the Jail who were charged with murder, attempted suicide, and two of these inmates, including Jae, were successful.

57.    The custom and practice and pattern of the Defendants to not classify inmates, and/or the Defendants' custom and practice not to train deputy sheriffs on how to identify suicide risks and/or to prevent suicides, directly and proximately led to at least three inmates charged with murder in a seven month period of time to attempt and/or to take their life while in the custody and control of Defendants.

## COUNT I - VIOLATION OF 42 U.S.C. § 1983

1-57.    Paragraphs 1 through 57 of Facts Common to All Counts are hereby incorporated as Paragraphs 1 through 57 of this Count I.

58.     By reason of the foregoing and as the direct and proximate result of one or more of the aforesaid wrongful and careless acts of the Defendants, County, Jail, Office, and Zaruba, Jae's civil rights were violated, and therefore violated 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the Estate of JAE HARRELL, deceased, prays that this Honorable Court enter a judgment in favor of the Plaintiff in excess of $100,000.00 and against Defendants, DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, and any further relief in favor of the Plaintiff as this Court deems just and proper.

## COUNT II - VIOLATION OF THE UNITED STATES CONSTITUTION

1-58.     Plaintiff restates and realleges Paragraphs 1 through 58 of Count I, as and for Paragraphs 1 through 58 of this Count II.

59.     By reason of the foregoing and as the direct and proximate result of one or more of the aforesaid wrongful and careless acts of the Defendants, DuPage County, DuPage County Sheriff's Office, DuPage County Jail, and Zaruba, Jae's civil rights were violated through violations of the Eighth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the Estate of JAE HARRELL, deceased, prays that this Honorable Court enter a judgment in favor of the Plaintiff in excess of $100,000.00 and against Defendants, DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, and any further relief in favor of the Plaintiff as this Court deems just and proper.

## COUNT III - WRONGFUL DEATH

1-58.    Plaintiff restates and realleges Paragraphs 1 through 58 of Count I, as and for Paragraphs 1 through 58 of this Count III.

59.    By reason of the foregoing and as a direct and proximate result of one or more of the aforesaid careless acts of the Defendants, County, Jail, Office, and Zaruba, James, as the sole next of kin of Jae, has sustained a substantial pecuniary injury, including but not limited to the loss of Decedent's companionship, support and society, subjecting the Defendants, DuPage County, DuPage County Jail, DuPage County Sheriff's Office, and Zaruba, to liability pursuant to 740 ILCS 180/1, commonly referred to as the Wrongful Death Act.

60.    Plaintiff has been damaged in excess of $100,000.00.

WHEREFORE, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the Estate of JAE HARRELL, deceased, on behalf of the next of kin, prays that this Honorable Court enter a judgment against Defendants, DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, and in favor of the Plaintiff in excess of $100,000.00, and in an amount necessary to fully and fairly compensate the next of kin for his loss under the terms of the Wrongful Death Act, plus costs, and any further relief in favor of the Plaintiff as this Court deems just and proper.

## COUNT IV - SURVIVAL ACT

1-59.    Plaintiff restates and realleges Paragraphs 1 through 59 of Count III, as and for Paragraphs 1 through 59 of this Count IV.

60.    As a direct and proximate result of the Defendants aforesaid acts, Plaintiff decedent, Jae, did suffer serious injuries.

61.     As a direct and proximate result of one or more of the aforesaid acts of the Defendants, Plaintiff decedent did suffer great physical pain and mental anguish, and the loss of the enjoyment of life, and incurred severe physical impairment, as well as incurred significant costs, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

62.     Plaintiff has been damaged in excess of $100,000.00.

WHEREFORE, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the Estate of JAE HARRELL, deceased, on behalf of the Estate of Jae Harrell, prays that this Honorable Court enter a judgment against Defendants, DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, and in favor of the Plaintiff in excess of $100,000.00, and in an amount necessary to fully and fairly compensate the Estate of Jae Harrell for its loss under the terms of the Survival Act, plus costs, and any further relief in favor of the Plaintiff as this Court deems just and proper.

## COUNT V - WRONGFUL DEATH/WILFUL AND WANTON CONDUCT

1-60.    Plaintiff restates and realleges Paragraphs 1 through 60 of Count III, as and for Paragraphs 1 through 60 of this Count V.

61.     The Defendants, owed Jae a special duty of care while Jae was under their custodial arrest, to protect Jae's physical safety, including but not limited to a duty to protect Jae from committing suicide or otherwise imposing self-inflicted injuries, because the Defendants were on notice that Jae had suicidal tendencies and also was a known drug user.

62.     Notwithstanding the aforesaid duties, Defendants were willfully and wrongfully negligent, in that the Defendants detained the Plaintiff decedent in a manner whereby he had the ability to hang himself. Defendants further failed to perform appropriate screening, failed

to timely visually observe Plaintiff decedent, failed to confiscate any and all items that could

be used to commit such a suicide, and as a result thereof, to take all necessary steps to prevent

harm to Jae.

63.    As a direct and proximate result of the above, Plaintiff decedent was found dead from

hanging, on June 2, 2007.

64.    As a direct and proximate result of the willful and wanton aforesaid acts and omissions

of the Defendants, Plaintiff decedent died while in their control and custody.

65.    As a direct and proximate result, the next of kin of Jae was caused to and shall suffer

a pecuniary loss as a result of the death of Jae, in the form of loss of society, companionship,

guidance and training.

66.    This cause of action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/1 et

seq.

WHEREFORE, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of

the Estate of JAE HARRELL, deceased, on behalf of the next of kin, prays that this Honorable

Court enter a judgment against Defendants, DUPAGE COUNTY, DUPAGE COUNTY JAIL,

DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, in an amount necessary to

fully and fairly compensate the next of kin for their losses under the terms of the Wrongful

Death Act, in an amount in excess of $100,000.00, plus costs incurred.

## COUNT VI - SURVIVAL CLAIM/WILLFUL AND WANTON CONDUCT

1-65.    Plaintiff restates and realleges Paragraphs 1 through 65 of Count V, as and for

Paragraphs 1 through 65 of this Count VI.

66.    As a direct and proximate result of the Defendants aforesaid acts, the Plaintiff decedent,

Jae, did suffer serious injuries.

67.     As a direct and proximate result of one or more of the aforesaid acts of the Defendants,

Plaintiff decedent suffered great physical pain and mental anguish, and the loss and enjoyment

of life, and incurred severe physical impairment, as well as incurred significant costs,

subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the

Survival Statute.

68.     Plaintiff has been damaged in excess of $100,000.00.

WHEREFORE, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of

the Estate of JAE HARRELL, deceased, on behalf of the Estate of Jae Harrell, prays that this

Honorable Court enter a judgment against Defendants, DUPAGE COUNTY, DUPAGE

COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, and in favor

of the Plaintiff in excess of $100,000.00, and in an amount necessary to fully and fairly

compensate the Estate of Jae Harrell for its loss under the terms of the Survival Act, plus costs,

and any further relief in favor of the Plaintiff as this Court deems just and proper.


                                        Respectfully submitted,

                                        THOMAS LEINENWEBER, as Independent
                                        Administrator of the Estate of Jae Harrell, deceased



                                        By: s/ James A. Slowikowski


HOWARD M. ZAVELL, ESQ., lead counsel - A.R.D.C. 6210494
JAMES A. SLOWIKOWSKI, ESQ. - A.R.D.C. 6197392
DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD.
Attorneys for Plaintiff
85 West Algonquin Road, Suite 420
Arlington Heights, Illinois 60005
(847) 593-5595                                        F:\CLIENT\Harrell\Pleadings\000.080529Complaint.wpd