UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased,<br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA,<br><br>　　　　　　　　　　Defendants. | Case No. 08 CV 3124<br><br>Judge Blanche M. Manning<br><br>Magistrate Judge Jeffrey Cole |

### DEFENDANTS' MOTION TO DISMISS 'COMPLAINT' PURSUANT TO RULE 12(b) (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**NOW COMES** DuPage County, DuPage County Jail, DuPage County Sheriff's Office and John E. Zaruba, named as Defendants in this matter, by and through their attorney, JOSEPH E. BIRKETT, DuPage County State's Attorney, and his Assistants Thomas F. Downing and William R. Roberts, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss plaintiff's 'Complaint' and in support thereof states as follows:

### INTRODUCTION

Plaintiff has filed a fifteen (15) page, sixty-eight (68) paragraph six (6) count complaint alleging that the suicide of Jae Harrell (hereinafter Harrell) occurred because Defendants "directly violated 42 U.S.C. § 1983, and the Eighth Amendment of the Constitution of the United States, the Fourteenth Amendment of the Constitution of the United States, and were deliberately indifferent to the serious needs of the Plaintiff decedent, Jae, . . .". (Complaint at pg. 7, ¶ 44; pg. 8, § 45; pg. 10, § 55). Plaintiff has included state law claims that Defendants have incurred "liability pursuant to 740 ILCS 180/1, commonly referred to as the Wrongful Death Act"

(Complaint at Count III, pg. 12, ¶ 59) . . . and . . . "liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute." (Complaint at Count IV, pg. 13, ¶ 61). Finally, plaintiff contends that Defendants' conduct, as alleged in Count III and Count IV, was willful and wanton.

### STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-plead factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S.163, 164 (1993); *Jang v. A.M. Miller & Assocs.,* 122 F.3d 480,483 (7th Cir.1997). Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need not recite all relevant facts or recite the law, but requires a short and plain statement showing that the party is entitled to relief. *Fed. R. Civ. P. 8(a).* However, a plaintiff can plead himself out of court by alleging facts which show that plaintiff has no viable claim. *Jackson v. Marion County,* 75 F.3d 151, 153-154(7th Cir. 1995).

### PLAINTIFF'S CLAIMS AGAINST DUPAGE COUNTY MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff's complaint alleges a policy claim against DuPage County. Plaintiff complains "it was the custom and practice of the Jail and County not to classify prisoners' (Complaint at pg. 3, § 16); "Defendants, County, Jail, Office and Zaruba, adopted and/or put into effect the following policies and procedures and customs" (Complaint at pg. 7, § 44); "pursuant to the above-mentioned policies, procedures and customs' (Complaint at pg. 8, § 45); "Defendants . . . established the aforesaid wrongful policies and procedures, such policies and procedures reflecting the official policies for DuPage County" (Complaint at pg. 9, § 46); "DuPage County,

through its Sheriff, DuPage County Sheriff's Office, Jail and Zaruba practiced de facto policies, procedures and customs" (Complaint at pg. 10, § 54).

Notwithstanding DuPage County's obligation to "erect or otherwise provide . . . a jail" (55 ILCS 5/5-1106) and to provide for "all costs of maintaining persons committed" to that jail "for violations of Illinois law" (730 ILCS 125/5(a)), "[n]o county board may alter the duties, powers and functions of county officers that are specifically controlled by law". (55 ILCS 5/5-1087). The Sheriff is a "county officer (Ill. Const 1970, art. VII, § 4)". Id. at 527. Pursuant to 55 ILCS 5/3-6018 (Counties Code), "the sheriff shall control the internal operations of his office." More specifically, pursuant to 55 ILCS 5/3-6017 (Counties Code), the Sheriff "shall have the custody and care of the courthouse and the jail of his or her county, except as otherwise provided. . .". Further, pursuant to 730 ILCS 125/2 (County Jail Act), "[t]he Sheriff . . . shall be the warden of the jail of the county . . . and . . . may appoint a superintendent of the jail and remove him at his pleasure, for whose conduct and training, he shall be responsible. The Sheriff shall also be responsible for the hiring and training of all personnel necessary to operate and maintain the jail." 730 ILCS 125/3.

"A local government entity is liable for damages under Sections . . . 1983 only if a plaintiff can show the alleged constitutional deprivation occurred as a result of an official policy, custom or practice." *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611(1978). DuPage County has no control over the Sheriff in the operation of the DuPage County Jail. DuPage County cannot establish any jail policy, custom or practice and, as such, plaintiff's complaint against DuPage County must be dismissed.

Plaintiff is attempting to establish liability on the part of DuPage County on a theory of *respondeat superior*. It is well established that "when an action is brought against a master based on allegedly negligent acts of the servant and no independent wrong is charged on behalf of the

3

master, liability is entirely derivative, being founded upon the doctrine of *respondeat superior.*" *Moy v. The County of Cook*, 159 Ill.2d 519, 640 N.E.2d 926 (1994).[1]

Plaintiff contends that "DUPAGE COUNTY, (hereinafter referred to as "County") was at all relevant times hereto a county in Illinois and which operated and controlled the DuPage County Jail, through the DuPage County Sheriff's Office." (Complaint at pg. 2, ¶ 6). Plaintiff goes on to plead that, in operation of the DuPage County Jail "Defendants, and various unknown guards and deputy Sheriffs employed by DuPage County, . . . were charged with the responsibility of maintaining, safeguarding, and running the aforesaid Jail. (Complaint at pg. 3, ¶ 11). Further, "the various unknown guards and unknown Sheriff deputies were agents, employees and/or servants of DuPage County and were employed to act within the course and scope of said agency, employment and/or servitude." Plaintiff's conclusory allegations fail to establish the requisite 'master-servant relationship' needed to establish any liability on behalf of DuPage County based upon a theory of *respondeat superior.*

Sheriff Zaruba and/or "various unknown guards and unknown Sheriff deputies" are not county employees or agents. "[A]pplication of the doctrine of *respondeat superior* requires the existence of an employment relationship." The relationship between the Sheriff Zaruba and DuPage County is not an employment relationship; nor an agency relationship but the "the position of sheriff is an office and not a mere employment [and] as such, the doctrine of *respondeat superior* has no application." *Moy* at 530. More specifically, in this matter, as in *Cooper v. Office of the Sheriff of Will County*, 333 F.Supp.2d 728 (Northern Dist. Ill. 2004), citing *Moy,*

---

[1] "Although the terms "principal" and "agent," "master" and "servant," "employer" and "employee" may have separate connotations for purposes of contract authority, such distinctions are immaterial for tort purposes. In order for a plaintiff to invoke the doctrine of *respondeat superior*, it is sufficient that one of the above relationships be established and the wrongdoer be either the employee, the agent of the servant." *Moy* at 523.

4

the Supreme Court of Illinois ruled that a county is not liable for the actions of its sheriff under the *respondeat superior* doctrine because under Illinois law, the sheriff is a county officer, and an employee/employer relationship does not exist between the county and its sheriff. "Therefore, the county may not be held vicariously liable for the sheriff's alleged . . . conduct".

Further, even assuming, *arguendo*, that Sheriff Zaruba and/or "various unknown guards and unknown Sheriff deputies" were agents of DuPage County, the United States Supreme Court has concluded "that a municipality cannot be held liable under §1983 on a *respondeat superior* theory. . . . [A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agent." *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611(1978).

Accordingly, plaintiff fails to state a claim against DuPage County and the complaint must be dismissed.

### DUPAGE COUNTY JAIL HAS NO LEGAL EXISTENCE AND ALL CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Federal law provides that the capacity to sue or be sued is determined by the law of the state where the court is located. *Fed.R.Civ.P. 17(b)(3)*. Plaintiff has named DUPAGE COUNTY JAIL as a defendant in this matter asserting that it "was jail facility operated by the County and under and by virtue of the laws of the State of Illinois and the United States of America". (Complaint at pg. 3 § 7). A jail is "a building designated by law, or regularly used for the confinement of persons held in lawful custody." Black's Law Dictionary, West Publishing Co., 6th Ed. (1990).

A building is not a suable entity and cannot be a named party in this, or any, litigation. "A party to litigation must have a legal existence, either natural or artificial, to sue or be sued." As in *Jackson v. Village of Rosemont*, 180 Ill.App.3d 932, 536 N.E.2d 720 (1st Dist. 1988), the DuPage County Jail "is not a legal entity – it is merely a building operated by the" DuPage County Sheriff "– and is therefore not subject to suit."

5

As such, any complaint against the DuPage County Jail must be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### DUPAGE COUNTY SHERIFF'S OFFICE HAS NO LEGAL EXISTENCE AND ALL CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Further, the Appellate Court of Illinois, in *Bowers by Bowers v. DuPage County Regional Board of School Trustees District No. 4*, 183 Ill.App.3d 367, 539 N.E.2d 246 (Ill. App. 2 Dist. 1989) observed that:

> [w]here a suit is brought against an entity which has no legal existence, the proceedings are void *ab initio*. (*Lewis v. West Side Trust and Savings Bank* (1941), 377 Ill. 384, 385, 36 N.E.2d 573, *J.C. Penney Co.* (1986), 145 Ill.App3d 967, 972, 99 Ill.Dec. 748, 496 N.E.2d 323.) Thus, the legal existence of the entity being sued may be brought into question at any time. (*Lewis*, 377 Ill. At 385, 36 N.E.2d 573; *Tyler*, 145 Ill.App.3d at 972, 99 Ill.Dec. 748, 496 N.E.2d 323).

In *Bowers*, the Court then analyzed "[s]ections 3A-1 through 3A-15 of the School Code, noting, in part, that "[t]he School Code does not, . . . provide that educational service regions have any duties nor does it provide that they are corporate entities that have the power to sue or be sued." The Court concluded "there is no governmental entity known as the "Du Page County Educational Service Region which is capable of being sued." *Bowers* at 373.

"In *Moy*, the Supreme Court held that the sheriff is a county officer, whose duties are controlled by the constitution and by statute." *Mauro v. The County of Winnebago*, 282 Ill.App3d 156, 668 N.E.2d 619 (Ill. App. 2 Dist. 1996). Article VII, §4 of the Constitution of the State of Illinois provides that "[c]ounty officers shall have those duties, powers and functions provided by law and those provided by county ordinance. County officers shall have the duties, powers or functions derived from common law or historical precedent unless altered by law or county ordinance. [T]he statutes defining the sheriff's duties and the organization of the office have been placed within the Counties Code. *Mauro* at 621. Like *Bowers by Bowers*, nothing in

either that statute, or the Constitution of the State of Illinois, provides that a sheriff's office has a "separate legal existence apart from the sheriff. "An office is [merely] a place in a governmental system created or recognized by the law of the State, which either directly or by delegated authority assigns to the incumbent thereof the continuous performance of certain public duties" *Moy* at 528. Further, the duties are continuous, without regard to the particular person who holds office." Moy at 530. Therefore, the DuPage County Sheriff's Office has no legal existence apart from the person who is elected as that county officer and, as such, is "not a sueable entity under Illinois law."

As such, Plaintiff's Complaint against the DuPage County Sheriff's Office must be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ZARUBA AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

"A cause of action under § 1983 requires a showing that the plaintiff was deprived of a civil right secured by the Constitution or federal law, by a person acting under the color of law." *Thurman v. Village of Homewood*, 446 F.3d 682 (7th Circuit 2006). "Liability under § 1983 arises only when the plaintiff can show that the defendant "was personally responsible for a deprivation of a constitutional right." *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805 (7th Circuit 2000).

Plaintiff's fifteen (15) page, six (6) count complaint contains sixty-eight (68) paragraphs of allegations against 'defendants' in this matter. Plaintiff's complaint makes fifteen (15) specific references to Zaruba. Six (6) of the aforementioned references are contained within the 'requests for relief' in each count of the complaint. The remaining references attempt to ascribe some liability to Zaruba based on the implementation of "policies and procedures and customs" that plaintiff alleges were the "official policies for DuPage County" (Complaint at pg. 9, ¶ 46).

7

Plaintiff attempts to hold Zaruba liable for Harrell's suicide by holding him responsible, along with two entities which have no legal existence, for "policies and procedures and customs" apparently developed by a local governmental entity which has no legal ability to develop or implement policies or procedures at the DuPage County Jail. In fact, plaintiff makes no allegations that Harrell was even in Zaruba's custody alleging that he was "in the custody of the Defendant County and Jail" (Complaint at pg. 6, § 36). Plaintiff further attempts to hold Zaruba responsible for the alleged actions of, apparently, the actions of "unknown officers and unknown Sheriff deputies".

Plaintiff has failed to allege that Zaruba was "personally responsible for a deprivation of a constitutional right" and, as such, has failed to state a cause of action and this matter should be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, based on the foregoing, DuPage County, DuPage County Jail, DuPage County Sheriff's Office and John E. Zaruba, named as Defendants in this matter, respectfully request this Honorable Court to dismiss this matter with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for such other further relief as might be appropriate.

Respectfully submitted,

By: s/*William R. Roberts*
William R. Roberts
Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: William R. Roberts, Assistant State's Attorney
Attorney No. 6275784
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

## CERTIFICATE OF SERVICE

TO:   Howard M. Zavelli & James A. Slowikowski, DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD., 85 West Algonquin Road, Suite 420, Arlington Heights, Illinois 60005

The undersigned being first duly sworn upon oath states that:

On the 31st day of July, 2008, I served a copy of DEFENDANTS' MOTION TO DISMISS 'COMPLAINT' PURSUANT TO RULE 12(b) (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, according to Fed.R.Civ.P. 5(a,), by e-filing a copy to each of the above-referenced individuals.

*s/William R. Roberts*
Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Thomas F. Downing, Assistant State's Attorney
Attorney No. 06188673
By: William R. Roberts, Assistant State's Attorney
Attorney No. 6275784
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200