IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA,<br><br>　　　　　　　　Defendants, | Case No. 08 CV 3124 |

## JOINT STATUS REPORT

Pursuant to this Honorable Court's initial status report Order, the parties have held a discovery conference pursuant to Federal Rule of Civil Procedure 26(f). The parties herein file this joint status report.

## NATURE OF CASE

**A. Nature of the Case**

1. **Basis for Jurisdiction, Nature of the Claims, and Counterclaims.**

This action arises out of the Eighth Amendment to the Constitution of the United States, the Fourteenth Amendment to the Constitution of the United States, 42 USC § 1983. The Court has jurisdiction pursuant to 28 UCS § 1331 and 28 USC § 1343. There are no counterclaims at this time. Plaintiff has further alleged state law claims under 740 ILCS 180/1 (Wrongful Death Act) and 755 ILCS 5/27-6 (Survival Statute).

2. **Relief sought by the Plaintiff.**

Plaintiffs seek money damages to compensate the next of kin and the Estate of Jae Harrell for claims of the wrongful death of Jae Harrell. The sole next of kin of Jae Harrell is James Dean Saxman, a minor.

3.      **Name the parties that have not appeared.**

All Defendants as of this date have appeared.

4.      **Major legal issues.**

Plaintiff claims that the Defendants were deliberately indifferent and therefore violated 42 U.S.C. § 1983. Defendants deny Plaintiff's claims. Defendants also claim they cannot be held vicariously liable pursuant to § 1983.

5.      **Major Factual Issues.**

The parties are in the process of exchanging documentation which will help identify the factual matters which are at issue. However, Plaintiff alleges that the Defendants were consciously indifferent to Jae Harrell's risk of committing suicide and failed to properly identify and respond to the suicide risk, while he was in Defendants' custody.

6.      **Citations to key authorities which will assist the Court in understanding a ruling on the issues.**

Currently pending before this Honorable Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). The parties believe that the Motion and the Plaintiff's response and the case law cited therein shall assist the Court.

**B. Preparing of Draft Scheduling Order**

Attached please find an initial proposed Scheduling Order pursuant to Rule 16(b). The parties have prepared this Order based upon the contemplation that a currently named Defendant may be dismissed and additional defendants may be added after initial discovery, and also that the amount of factual discovery may be extensive. It is reasonably anticipated that the parties will be deposed, as well as defendants still to be identified and named as Defendants, unknown guards, and the inmates who were within proximity of the deceased, Jae Harrell, at or near the time of his death. Based upon the communications between the parties at this time,

this could cause the number of fact witnesses to be significant. The total number of fact witnesses is unknown at this time, but is estimated to exceed ten fact witnesses. Based upon the above, the parties have created the following schedule which is incoporated within the draft order attached hereto as Exhibit A:

**A. Trial Status**

1. A jury has been demanded.

2. At this time, in that the number of witnesses is unknown, it is difficult to determine the trial length, however the parties anticipate that the trial would be five to ten days.

**B. Consent to Proceed Before Magistrate Judge.**

Counsel for each party are currently consulting with their clients to discuss this issue.

**C. Settlement Status**

1. No settlement discussions have occurred at this time.

2. Counsel for both parties are willing to have settlement discussions, however, neither party believes that this would be prudent until initial disclosures pursuant to Rule 26, and written discovery have been completed.

Respectfully submitted,

THOMAS LEINENWEBER, as Independent Administrator of the Estate of Jae Harrell, deceased

By: s/ James A. Slowikowski

HOWARD M. ZAVELL, ESQ., lead counsel - A.R.D.C. 6210494
JAMES A. SLOWIKOWSKI, ESQ. - A.R.D.C. 6197392
DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD.
Attorneys for Plaintiff
85 West Algonquin Road, Suite 420
Arlington Heights, Illinois 60005
(847) 593-5595            F:\CLIENT\HarrellEstate\Pleadings\000.080826JointStatusReport.wpd

IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased,<br>                      Plaintiff,<br><br>v.<br><br>DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA,<br><br>                      Defendants, | Case No. 08 CV 3124 |

## EXHIBIT A
## PROPOSED SCHEDULING ORDER

1. Initial disclosures under Rule 26 to be made by September 25, 2008.

2. The parties shall complete all written discovery on or before November 24, 2008.

3. The parties shall complete oral fact discovery on or before May 25, 2009.

4. Plaintiffs are to identify testifying experts and to provide Rule 26 expert reports by June 24, 2009. Defendants are to identify testifying experts and to provide Rule 26 expert reports by September 22, 2009.

5. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full thirty days provided by the Federal Rules of Civil Procedure in which to comply.

6. The parties have until November 30, 2009 to complete expert discovery.

7. The parties have until January 15, 2010 to file dispositive motions.

8. The final pre-trial conference is scheduled for _____.

9. Trial is scheduled for _____.

IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased, | ) ) ) ) |
| Plaintiff, | ) Case No. 08 CV 3124 ) |
| v. | ) ) |
| DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, | ) ) ) ) |
| Defendants, | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2008, I electronically filed Plaintiff's Joint Status Report and proposed Scheduling Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William R. Roberts                           Thomas F. Downing
william.roberts@dupageco.org     thomas.downing@dupageco.org

and I hereby certify that on August 27, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

Respectfully submitted,

s/James A. Slowikowski
James A. Slowikowski, #6197392
Dickler, Kahn, Slowikowski & Zavell, Ltd.
Attorneys for Plaintiff
85 W. Algonquin Rd., Suite 420
Arlington Heights, IL 60005
Telephone: (847) 593-5595
Facsimile: (847) 593-5632
jim@dicklerlaw.com