IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased,<br>     Plaintiff,<br><br>v.<br><br>DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA,<br><br>     Defendants, | )<br>)<br>)<br>)<br>)  Case No. 08 CV 3124<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES the Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the Estate of Jae Harrell, deceased, by and through his attorneys, DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD., and as and for his Response Memorandum in Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

<u>Introduction - The Complaint</u>

This cause of action arises out of the death of Jae Harrell on June 2, 2007 (¶31 of Plaintiff's Complaint). (Jae Harrell shall hereinafter be referred to as "Jae"). At the time of his death, Jae was incarcerated within the DuPage County Jail. (¶13 of Plaintiff's Complaint). At all relevant times hereto, Jae was a pretrial detainee. At all relevant times Jae had been on a suicide and/or medical watch within the Jail. (¶38 of Plaintiff's Complaint).

The Defendants had custody and control over Jae, and as such, made decisions regarding his placement and care.

1

Plaintiff has alleged that the Defendants knew or should have known of the risks and dangers posed to Jae because of his known prior drug use, prior criminal background and the alleged manner of his mother's death. (¶37 of Plaintiff's Complaint). Plaintiff further alleges that the Defendants knew it was foreseeable that Jae may attempt to cause harm to himself because they had already placed him on a suicide and/or medical watch. (¶38 of Plaintiff's Complaint). Plaintiff has alleged that Jae was diagnosed and/or treated with various mental illnesses and defects before being incarcerated (¶20 of Plaintiff's Complaint). Plaintiff also alleged that during prior incarcerations in DuPage County Jail, Jae had attempted to kill or threatened to kill himself. (¶21 of Plaintiff's Complaint). Further, Plaintiff alleges that Jae's physical appearance deteriorated during his incarceration. (¶15 of Plaintiff's Complaint). Further, Plaintiff alleges that during this period of time, Jae began to display bizarre behaviors, which visitors observed. (¶28 of Plaintiff's Complaint). Plaintiff alleges that it appeared that Jae was hearing voices and/or was delusional. (¶28 of Plaintiff's Complaint).

While in the custody of the Defendants who had the above knowledge or should have had this knowledge, Jae hung himself in his cell and died on June 2, 2007. As a result of Defendants' knowledge of these dangers and risks, and their failure to act, Plaintiff alleges that the Defendants were deliberately indifferent to Jae's plight. (¶39 of Plaintiff's Complaint). Defendants were aware of the danger or should have known of Jae's suicide risk, but failed to provide a more secure location for Jae, failed to observe Jae and/or to cause Jae to be treated by a psychiatrist. (¶40 of Plaintiff's Complaint). Having this knowledge of the risks, Defendants failed to restrict Jae's access to materials which could be used to commit suicide. (¶53 of Plaintiff's Complaint).

Plaintiff has brought suit against the Defendants, alleging claims arising from violations of the United States Constitution and state law claims. The claims are grounded in the alleged facts that the Defendants knew of the suicide risks to Jae and then took no action to protect him and/or created policies and procedures which were indifferent to the constitutional rights of the Plaintiff decedent. Plaintiff alleges violation of 42 U.S.C. § 1983, and also state law claims for wrongful death and survival actions sounding in negligence and willful and wanton conduct.

Plaintiffs allege that Defendants practiced defacto policies, procedures and customs which caused the violations of the United States Constitution (¶54 of Plaintiff's Complaint). That these defacto practices and customs led to at least three inmates who were charged with murder, taking and/or attempting to take their life by suicide while in the Defendants' custody and control during a seven month period of time. (¶57 of Plaintiff's Complaint).

Plaintiff further alleges that Defendants put into place various policies and procedures and customs which were deliberately indifferent to the needs of prisoners in the DuPage County Jail. (¶40 of Plaintiff's Complaint). As a result of these policies and/or customs, Jae was able to hang and kill himself, while in his cell, notwithstanding that he had been previously identified and placed on a suicide and/or medical watch.

## **Legal Standard**

In considering a Motion to Dismiss a complaint under Rule 12(b)(6), a court will consider all allegations in the light most favorable to the non-moving party, and will treat all well pleaded facts and allegations as true. Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Circuit, 2004). Further, all reasonable inferences will be drawn in favor of the Plaintiff. Id. The court will not dismiss a complaint unless there is no set of facts consistent with the

complaint that would entitle the plaintiff to relief. Connelly v. Gibson, 355 U.S. 41, 46, 78 S.Ct. 99 (1957). Under the Federal Rules of Civil Procedure, the Plaintiff need not identify a legal theory in his Complaint. Bantholet v. Reishauer A.G. (Zurich), 953 F. 2d 1073, 1078 (7th Circ. 1992). Rather, the issue is whether, "relief is possible under any set of facts consistent with the allegations." Id. To the extent the Defendants here are asserting facts outside of the Complaint to support their Motion pursuant to Rule 12(b)(6), their assertions and motion is improper.

A claim pursuant to § 1983 may arise out of a pre-trial detainee's suicide. Although weapons are not permitted in jail, there are high rates of suicide in prisons and even higher rates among pre-trial detainees. Cavelieri v. Shepard, 321 F. 3d 616 (7th Circ. 2003). "As a result, prisons and jails have developed procedures for dealing with prisoners who display suicidal tendencies, such as removing items that could be used as a suicide weapon, like sheets or a sturdy telephone cord, or not leaving those prisoners unattended." Id. at 621. Officials will be liable under, § 1983, for a pre-trial detainee's suicide if they were deliberately indifferent to a substantial suicide that risk has been clearly established. Id. at 623.

The Defendants seek to dismiss each of the defendants, but they have not distinguished among the different claims in the various counts. The Defendants' assertions in the Motion are only directed at the § 1983 and constitutional claims, and do not address the state law claims.

I.  **Plaintiff Has Pled a Proper Cause of Action Against Dupage County.**

    A.    § 1983, Monell Claims

Defendants move to dismiss DuPage County on the alleged basis that it cannot be liable under these circumstances, asserting that by Illinois statute only Sheriff Zaruba has authority to set policy in the jail. However, notwithstanding any statute, whether or not DuPage actually set any policy in these circumstances, based upon the case law, is a question of fact raised in

the Complaint. We note that the Defendants appear to have acknowledged that, "Plaintiff's Complaint alleges a policy claim against DuPage County." (Defendants' Memorandum, ¶2).

An claim against a county may arise under §1983 if the plaintiff alleges an injury resulting from defendant's unconstitutional policy. Alonzo Fells v. County of DuPage, 2006 Westlaw 369 2414 (N.D. Ill.). A county is liable under § 1983 for those actions of its sheriff that constitute county "policy". Id. at 2, citing McMillan v. Monroe County, Alabama, 520 U.S. 781, 783, 117 S.Ct. 1734, 138 L.Ed.2d 1 (199&), (citing Monell v. New York City Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978)).

The Plaintiff may prove a "county policy" by demonstrating a widespread practice that, although not authorized by written law or express policy, is so permanent and settled to constitute a custom or practice. McTigue v. City of Chicago, 60 F. 3d 381, 382 (7th Circ. 1995). The instant Complaint has alleged sufficient facts that would establish such a practice. While it may be true that the Sheriff is the one statutorily directly responsible for the internal operations of the jail, Plaintiff has alleged facts that DuPage County's widespread defacto policies and procedures have had and/or contributed to the suicide or attempted suicide of at least three inmates in a specific period of time. Plaintiff has alleged that DuPage County's defacto policies and customs were deliberately indifferent to the needs of Jae. Thus, Plaintiff has alleged facts identifying policies and procedures by DuPage County which led to and/or contributed to Jae's death and thus have properly pled such claims. Accordingly, a cause of action pursuant to § 1983 has been properly pled against the County.

B.   County is Liable For Judgments Against the Sheriff's Office

The Defendants assert that the County cannot be vicariously liable for the acts of its Sheriff, and Defendants simply rely on the argument that the County cannot establish jail

policy. The Defendants assertion is incorrect, and it is been held in this District that the County can be sued in these circumstances because it can be liable for any judgment against the Sheriff or Sheriff's Office or any deputy sheriff involved. The Plaintiff has alleged here that the Sheriff is liable for its policies and procedures, as well as his own direct conduct.

In response to a certified question from the Seventh Circuit Court of Appeals, the Illinois Supreme Court held that a county is required to pay a judgment entered against the County Sheriff's office in an official capacity. See <u>Carver v. Sheriff of LaSalle County, 203 Ill. 2d 497, 522; 272 IL Dec. 312, 787 N.E. 2d 127, 141 (Ill. 2003)</u>. The fact that the County can be liable for a judgment against the Sheriff or Sheriff's Office in this case makes the County a necessary party. Notwithstanding, in another case DuPage County was held to be a proper party because it would be liable to pay a judgment against a the Sheriff or a Sheriff's deputy. See <u>Fells v. County of DuPage, 2006 WL 36 42414, pp.4-5 (N.D. Ill. 2006)</u> . In this case, the Plaintiff has alleged here that Sheriff is liable for its policies and procedures, as well as his own direct conduct. Accordingly, since DuPage County would be liable for any judgment, DuPage County is also a proper party defendant in this regard.

Similarly, the County can also be liable in this instance if there is liability of any deputy sheriff. The courts have determined that county sheriffs are subject to the Illinois Tort Immunity Act, 745 ILCS 10/9-102. <u>Anton v. Sheriff of DuPage County, 47 F. Supp. 2d 993 (N.D. Ill. 1999)</u>. Pursuant to that statute, a local public entity is required to pay any tort compensatory damages judgment for which it or an employee acting within the scope of his employment is liable, so long as the conduct was willful and wanton. <u>Id.</u> at 1003. Thus, if a deputy sheriff is held to have willfully violated § 1983, the DuPage County Sheriff's Office may be required to pay any tort judgment assessed. <u>Anton v. The Sheriff of DuPage County, et al.,</u>

47 F. Supp. 2d 993 (N.D. Ill. 1999). It follows, as previously noted, that the County would then be liable to pay the judgment assessed. <u>Fells v. County of DuPage, 2006 WL 36 42414, pp.4-5 (N.D. Ill. 2006)</u>

In this case, to the extent that a deputy sheriff is later found to be liable, the County would be liable. While no specific individual deputy sheriffs have been initially named as defendants, because of an inability to obtain the Defendants' investigation reports pre-suit, it is contemplated that deputy sheriffs may be identified through discovery and named as Defendants for violating § 1983. Plaintiff contemplated this situation, and therefore alleged unknown guards and unnamed sheriff deputies as being liable. Thus, based upon the facts, the County could be sued for the conduct of deputy sheriffs. <u>Fells v. County of DuPage, 2006 WL 36 42 414 (N.D. Ill. 2006)</u>.

**II.     The Dupage County Jail**

Defendants move to dismiss the DuPage County Jail as a defendant, on the basis that it purportedly is not a suable entity.

To the extent the "DuPage County Jail" is not an entity, and to the extent the claim properly lies against the Sheriff or the Sheriff's Office, the Plaintiff will concede to dismiss DuPage County Jail without prejudice, in the event later discovered facts lead to a different conclusion. (The Plaintiff notes that the Sheriff's web site references "DuPage County Jail", thus raising the question whether it was an entity and, therefore, a necessary party).

**III.     The DuPage County Sheriff's Office is a Proper Party**.

The Defendants move to dismiss the DuPage County Sheriff's Office, asserting that it is "not a sueable entity under Illinois law". The Defendants do not otherwise attack the sufficiency of the Complaint as to this Defendant. However, the Sheriff's Office has previously

been held to be a "suable entity". DeGenova v. Sheriff of DuPage County, 209 F 3d 973, 976 (7th Circ. 2000), citing Franklin v Zaruba, 150 F. 3d 682, 6854 (1998). Accordingly, since the Defendants' assertion that the Sheriff's Office is not a suable entity is incorrect, then the Defendants' claim fails and the Motion as to DuPage County Sheriff's Office must be denied.

IV. **Plaintiff Has Stated a Claim Against Defendant John E. Zaruba**

The Defendants assert that the Complaint fails to allege a claim against Zaruba on the sole assertion that the Complaint does not allege facts that Zaruba was "personally responsible" for a deprivation of a constitutional right. The Defendants premise is founded upon their incomplete assertion of the law. The Defendants' assertion is also puzzling, given that Defendants repeatedly asserted in their Motion that Sheriff Zaruba was the policy maker for the jail (notwithstanding that the Complaint alleges that Zaruba was a policy maker).

Initially, the Defendants have not correctly recited the law. A cause of action is stated under §1983 where the defendant is alleged to be either personally responsible or to have an unconstitutional policy or custom. Anton v. The Sheriff of DuPage County, et al., 47 F. Supp. 2d 993, 1001 (N.D. Ill. 1999) (an unconstitutional policy or custom with respect to care of pre-trial detainees may be the basis of a claim), citing Monell v. New York City Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978)). Thus, the Sheriff may be liable under §1983 if he was personally responsible for the constitutional deprivation or if he has established or allowed customs or policies leading to the deprivation.

In this case, Plaintiff has properly alleged that Defendant Zaruba is liable under §1983. In Illinois, sheriffs have final policy making authority over jail operations. DeGenova v. Sheriff of DuPage County, 209 F.3d 973, 976 (7th Circ.). Defendants themselves acknowledge that the Sheriff shall control the internal operations of his office; that the Sheriff shall have custody and

control of the Jail; that the Sheriff shall be the warden of the Jail; and the Sheriff shall be responsible for hiring and training the personnel to operate the Jail. (¶ 3 of Defendants' Memorandum). Zaruba's own Memorandum acknowledges that he is responsible for the policies and procedures and customs of the Sheriff's Office and also the Jail. The Sheriff is the policy maker for the County Sheriff's Office. Ryan v. County of DuPage, 45 F. 3d 1090, 1092 (7th Circuit, 1995). The policy maker for a government office, such as the sheriff here, is responsible for the office's policies. Id. at 1092.

The claims alleged against Zaruba are factually sufficient. Jae was incarcerated within the DuPage County Jail from March 26, 2007 to June 2, 2007. (¶13 of Plaintiff's Complaint). Jae committed suicide on June 2, 2007. Jae hung himself while incarcerated at the Jail. (¶31 of Plaintiff's Complaint). Plaintiff alleged that the Jail, for which Zaruba is responsible, had no prisoner and/or only a limited prisoner classification system. (¶14 of Plaintiff's Complaint); that Defendants had a policy, practice and/or custom not to designate and/or categorize all prisoners at the Jail. (¶15 of Plaintiff's Complaint); that Defendant Zaruba had put into effect policies which failed to require observation of prisoners at regular and appropriate intervals (¶44(a) of Plaintiff's Complaint); that Zaruba failed to properly train the Jail's employees in prisoner violence prevention (¶ 44(b) of Plaintiff's Complaint) and allowed Jail employees to place prisoners who were at risk of suicide without proper mental health intervention. (¶44(b) of Plaintiff's Complaint). Defendant Zaruba, as the policy maker of the Jail, was and is the person responsible for these policies and as such is responsible for the violations of § 1983 which arise therefrom. Based upon these facts, the Complaint clearly states a cause of action against Zaruba.

9

Additionally, Zaruba has liability for the unconstitutional acts of his deputies. The Plaintiff has also alleged that unknown officers and sheriff's deputies may be liable herein. Defendants in their Memorandum at Page 8, state that Plaintiff seeks to hold Zaruba responsible for the alleged actions of unknown officers and unknown sheriff deputies. It is clear that the Sheriff can also be held liable for the actions of unknown officers and sheriff's deputies. As previously noted, it was held in <u>Anton v. The Sheriff of DuPage County, et al., 47 F. Supp. 2d 993, 1003 (N.D. Ill. 1999)</u>, that the DuPage County Sheriff would have liability under the Illinois Tort Immunity Act, 745 ILCS 10/9-102 for violations of §1983 committed by his deputy sheriffs. The same conclusion was reached in <u>Fells v. County of DuPage, 2006 W.L. 3962414, 3-4 (N.D. Ill.)</u> ("The Sheriff shall be liable for any neglect or omission of the duties of his or her office, on occasion by a deputy or auxilliary deputy, in the same manner as for his own personal neglect or omission."). In reaching its conclusion, the court in <u>Fells</u> specifically noted that pursuant to Section 3-6016 of the Illinois Counties Code, 55 ILCS 5/3-6016, provides that "The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxilliary deputy, in the same manner as for her own personal neglect or omission". Thus, the <u>Fells</u> court held that a sheriff can be liable under either respondent superior or Section 9-102 of the Tort Immunity Act, for the intentional misconduct of its deputies. <u>Id.</u> at 3. In the instant case, the facts as alleged in the Complaint establish Zaruba's liability for the acts committed by any deputy.

Thus, both the specific allegations that Defendant Zaruba created improper policies and procedures and customs, as well as his potential respondent superior liability, make it clear that Defendants' Motion to Dismiss as to Zaruba should be denied.

V. **State Law Claims**

Finally, while Defendants have moved to dismiss the entire case within their final prayer for relief, they have failed to request any relief specifically as to state law claims for wrongful death and survival action, based upon negligence and wanton and willful conduct. The Motion seeks to dismiss each Defendant, but the grounds asserted are only with respect to the federal claims, and do not apply to the state law claims. As such, Defendants should be required to answer these counts.

Wherefore, Plaintiff, THOMAS LEINENWEBER, as Independent Administrator of the Estate of Jae Harrell, deceased, prays that this Honorable Court dismiss Defendant's Motion to Dismiss, and that the Defendants should be ordered to answer the Complaint, and any further relief in favor of the Plaintiff as this Honorable Court deems just and proper.

Respectfully submitted,

THOMAS LEINENWEBER, as Independent
Administrator of the Estate of Jae Harrell, deceased

By: s/ James A. Slowikowski

HOWARD M. ZAVELL, ESQ., lead counsel - A.R.D.C. 6210494
JAMES A. SLOWIKOWSKI, ESQ. - A.R.D.C. 6197392
DICKLER, KAHN, SLOWIKOWSKI & ZAVELL, LTD.
Attorneys for Plaintiff
85 West Algonquin Road, Suite 420
Arlington Heights, Illinois 60005
(847) 593-5595

...

IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased, ) ) ) ) | |
| Plaintiff, ) | Case No. 08 CV 3124 |
| v. ) ) | |
| DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, ) ) ) ) | |
| Defendants, ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2008, I electronically filed Plaintiff's Response Memorandum in Opposition to Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William R. Roberts  
william.roberts@dupageco.org

Thomas F. Downing  
thomas.downing@dupageco.org

and I hereby certify that on September 4, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

                                            none

                                      Respectfully submitted,

                                      s/James A. Slowikowski  
                                      James A. Slowikowski, #6197392  
                                      Dickler, Kahn, Slowikowski & Zavell, Ltd.  
                                      Attorneys for Plaintiff  
                                      85 W. Algonquin Rd., Suite 420  
                                      Arlington Heights, IL 60005  
                                      Telephone: (847) 593-5595  
                                      Facsimile: (847) 593-5632  
                                      jim@dicklerlaw.com