# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased,<br>      Plaintiff,<br><br>v.<br><br>DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA,<br>      Defendants. | Case No. 08 CV 3124<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

After finding the dead body of Ruth Harrell abandoned in her car alongside a Chicago expressway, police arrested her son, Jae Harrell, for her murder. Police believed that Jae had killed her by hitting her with a hammer and then strangling her. Three months later, Jae himself was dead after apparently killing himself in his cell at the DuPage County jail. Jae Harrell's estate has sued DuPage County, the county jail, the sheriff's office, and sheriff John Zaruba for federal constitutional claims as well as state claims such as wrongful death. The defendants have filed a motion to dismiss the majority of the claims against them. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are culled from the estate's complaint, which the courts accepts as true for purposes of resolving the motion to dismiss. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). Harrell had a history of drug addiction, including heroin use, and had been diagnosed with and treated for various mental illnesses. Harrell's drug use had resulted in his arrest and incarceration on previous occasions. On at least one of those prior

occasions, Harrell had threatened and attempted to kill himself. Shortly after his arrest for his mother's murder, Harrell's appearance and demeanor deteriorated. He exhibited bizarre behavior which led others to believe that he was hearing voices and was delusional. At some unidentified point, jail deputies moved him from the general population on the second floor to suicide watch on the first floor. Nevertheless, Harrell eventually hanged himself in his cell. During a seven-month period covering the time Harrell was incarcerated at the jail, at least two other inmates attempted suicide. One, like Harrell, succeeded.

The estate alleges that the defendants were aware of the danger and risk that Harrell posed to himself but, pursuant to policy, the sheriff failed to (1) move him to a more secure location, (2) have him evaluated and treated by a physician or psychiatrist, (3) confiscate items he could use to harm himself, and (4) observe him at regular and appropriate intervals. The claims against the defendants consist of six counts. In count I, the estate alleges that the defendants violated unspecified civil rights. *See* 42 U.S.C. § 1983. In count II, the estate alleges that the defendants violated Harrell's constitutional rights, specifically his rights under the Eighth and Fourteenth Amendments. The remaining four counts allege claims under Illinois state law, including claims of wrongful death (counts III & V), and claims under Illinois' Survival Act (count IV and VI).

### STANDARD FOR MOTION TO DISMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000). While a complaint does not need detailed factual allegations, a

plaintiff must provide the grounds of his entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court has identified two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (alteration in *Bell Atlantic*). Second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Id.* at 569 n.14.

**DISCUSSION**

Before turning to the defendants' arguments in the motion to dismiss, the court makes the following observations. First, although the defendants purport to seek the dismissal of all claims against all defendants, for the most part the arguments and authorities presented in support of dismissal focus only on the viability of the estate's § 1983 claims against those defendants. Even after the estate called attention in its response brief to the defendants' failure to address the four state law claims alleged in the complaint, the defendants still neglected to offer any arguments in their reply brief in favor of dismissing those state law claims. Accordingly, the court will construe the remainder of the motion to dismiss as being directed only at the § 1983 claims, except where noted.

Next, the court addresses the confusing nature of the estate's complaint. The confusion begins with Counts I and II. Count I alleges a claim under 42 U.S.C. § 1983. But § 1983 confers no substantive rights itself. Instead, it is "the means by which rights conferred elsewhere may be enforced." *Bublitz v. Cottey*, 327 F.3d 485, 488 (7th Cir. 2003). To allege a § 1983 violation,

the estate cannot merely allege generally that the defendants violated Harrell's civil rights. Rather, the estate must allege the deprivation of a specific right. *See Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990). The estate identifies those specific rights, but does so in Count II, in which the estate alleges that the defendants violated Harrell's rights under the Eighth and Fourteenth Amendments. Accordingly, the court liberally construes the allegations in Counts I and II in tandem as alleging a single count (Count I) under § 1983 against each defendant based upon violations of the Eighth and Fourteenth Amendments. Count II is dismissed as being wholly duplicative of Count I.

  Another source of confusion in the complaint are the allegations against sheriff Zaruba. The estate has not identified whether it has sued Zaruba in his official capacity, his individual capacity, or both. In reviewing the complaint, the court has identified allegations directed at Zaruba concerning his enforcement of jail policies. Claims against an officer concerning enforcement of office policies are claims against the officer in his official capacity and are the functional equivalent of § 1983 claims against his office. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 974 n.1 (7th Cir. 2000) ("An official capacity suit is the same as a suit against the entity of which the officer is an agent."). Accordingly, the claims against Zaruba in his official capacity are dismissed as duplicative of identical claims against the sheriff's office. To the extent that the estate intended to pursue a § 1983 claim against Zaruba in his individual capacity, such a claim could succeed only if Zaruba directly participated in the deprivation of Harrell's constitutional rights. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The estate has not alleged in its complaint that sheriff Zaruba engaged in any conduct personally that led to the alleged violations of Harrell's rights. As a result, the complaint fails to establish

any plausible basis of liability against the sheriff in his individual capacity. *See Bell Atlantic*, 550 F.3d at 569 n.14. Accordingly, the § 1983 claim against him in his individual capacity is dismissed without prejudice.

The court now turns to the defendants' arguments regarding claims not already dismissed.

## I. Claims Against the DuPage County Jail

The county jail argues that all of the claims against it should be dismissed because it is not a legal entity capable of being sued. In light of the jail's argument, the estate has agreed to dismiss it, though without prejudice in the event that later-discovered facts reveal that the jail is capable of being sued.

Accordingly, all of the claims against the jail are dismissed. The dismissal is without prejudice to the estate refiling the claims should later-discovered facts reveal that the jail can be sued.

## II. Claims Against the DuPage County Sheriff's Office

The sheriff's office moves to dismiss all claims against it solely on the ground that it is not a legal entity and it has no legal existence apart from the sheriff. The argument is not well-founded, as numerous courts have permitted claims to proceed against the office of a county sheriff. *See, e.g., Cooper v. Office of the Sheriff of Will County,* 333 F. Supp. 2d 728 (N.D. Ill. 2004); *Falk v. Cook County Sheriff's Office,* 904 F. Supp. 797 (N.D. Ill. 1995). Indeed, as discussed above, a § 1983 claim against an officer in his official capacity is nothing more than a claim against the office of which the officer is an agent. *See, e.g., DeGenova,* 209 F.3d at 975 n.1. Accordingly, the motion to dismiss the sheriff's office on the grounds that it cannot be sued is denied.

### III. Claims Against DuPage County

Defendant DuPage County moves to dismiss the § 1983 claim against it, arguing that the county is not responsible for setting policies for the county jail. To establish a constitutional claim against a municipality under § 1983, a plaintiff must establish that his injury was the result of a policy or custom attributable to the municipality's policymakers. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008). The county asserts that Harrell's injuries cannot be attributed to it because Illinois law prohibits counties from setting jail policies. For instance, by statute counties are given the responsibility only to "erect or otherwise…provide a jail," 55 Ill. Comp. Stat. 5/5-1106, and to provide for "all costs of maintaining persons committed" to that jail, 730 Ill. Comp. Stat. 125/5(a). The responsibility for maintaining the jail and setting jail policies rests with the county sheriff. *See* 55 Ill. Comp. Stat. 5/3-6017 (the sheriff "shall control the internal operations of his office"); 55 Ill. Comp. Stat. 5/3-6018 (the sheriff "shall have the custody and care of the courthouse and the jail of his or her county"); 730 Ill. Comp. Stat. 125/3 (the sheriff "may appoint a superintendent of the jail and remove him at his pleasure, for whose conduct and training, he shall be responsible. The sheriff shall also be responsible for the hiring and training of all personnel necessary to operate and maintain the jail"). Thus, under Illinois law the policymaker for county jails is the county sheriff. *See DeGenova*, 209 F.3d at 976 ("Illinois sheriffs have final policymaking authority over jail operations").

Nevertheless, the estate argues that, in fact in DuPage County, the county also sets policy for the jail even though Illinois' statutory scheme prohibits it from doing so. The estate contends that because the complaint alleges that the county sets policy along with the sheriff, the *Monell* claim against the county is not subject to dismissal.

The court has carefully reviewed the complaint. The allegations regarding jailhouse policies specify no conduct by the county. Although notice pleading does not require the estate to plead facts, at a minimum it must at least allege enough to raise its claim against the county above the level of sheer speculation. But the complaint never identifies the means by which the county allegedly exerted control over the jail other than to conclusorily allege that it did. As a result, the complaint fails to identify any plausible basis for concluding that the county usurped the sheriff's role as policymaker. *See Bell Atlantic*, 550 U.S. at 569 n.14. Because of the inadequacy of the estate's allegations against the county, the estate's *Monell* claim against the county is dismissed without prejudice.

However, DuPage County is not dismissed from the case entirely. As the estate has pointed out, under Illinois law, the county will ultimately be liable for any judgment against the sheriff. Therefore, the county is a necessary party and cannot be dismissed. *See Cooper*, 333 F. Supp. 2d at 736-37 (citing *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003)).

In summary, DuPage County's motion to dismiss is granted to the limited extent that the § 1983 claim against the county is dismissed without prejudice.

## CONCLUSION

The defendants' motion to dismiss [14-1] is granted in part and denied in part as follows: Count II is dismissed with prejudice as duplicative of Count I; all claims against the jail are dismissed without prejudice to the estate refiling those claims if later-discovered facts reveal that the jail can be sued; the claims against the sheriff's office are not dismissed; the § 1983 claim (Count I) against the county is dismissed without prejudice while the state law claims (Counts III

- VI) are not dismissed; and the § 1983 claim (Count I) against the sheriff in his official capacity is dismissed with prejudice, the § 1983 claim against him in his individual capacity is dismissed without prejudice, and the state law claims (Counts III - VI) are not dismissed. The estate is granted leave to file an amended complaint no later than Friday, March 13, 2009, that conforms to this court's ruling on the motion to dismiss. The parties shall report for a status hearing on Tuesday, March 17, 2009, at 11:00 a.m.

ENTER:

DATE: February 23, 2009

_____
Blanche M. Manning
United States District Judge