IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS LEINENWEBER, as Independent Administrator of the ESTATE OF JAE HARRELL, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 3124 |
| v. | ) ) | Judge Manning |
| DUPAGE COUNTY, DUPAGE COUNTY JAIL, DUPAGE COUNTY SHERIFF'S OFFICE, and JOHN E. ZARUBA, | ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER
AND FINDING THAT THE SETTLEMENT IS FAIR AND REASONABLE**

As a result of my involvement in settlement conferences with the parties and my review of their comprehensive written submissions in connection with those conferences, I have come to have an intimate knowledge of the facts of this unfortunate case, which involved the suicide of the Administrator's decedent, Jae Harrell, while in the custody of the defendants. After extensive negotiations and the careful consideration by counsel for the parties, they have arrived at a settlement, conditioned upon approval by the Probate Court. Under the terms of that settlement, the Estate will receive a specified sum of money and the parties will exchange mutual, general releases. I have reviewed the terms of that conditional settlement, and I believe them to be fair and reasonable given the circumstances of this case.

If the case were to be tried, credibility of various personnel employed at the jail that housed Mr. Harrell and other personnel involved in the immediate aftermath of his suicide would play a critical role in the outcome. The outcome of any given credibility assessment is always uncertain

and is perhaps even more uncertain in this case. If the defendants' witnesses were to be believed, it is likely that there would be a verdict adverse to the Administrator. Another, and perhaps more significant problem that prompted settlement involved the incident for which the defendant found himself in jail – namely, the murder of his mother, a crime to which he had confessed after receiving Miranda warnings. Evidence of that confession would surely have a profound effect on damages.

Counsel for the Administrator took the position that the confession would not be admissible because they were not relevant under Rule 401, Federal Rules of Evidence, and if relevant, were excludable under Rule 403. The defendants had a very different view, and if they were right and the evidence were admitted, the prospect of a successful outcome of the case for the Administrator would be substantially reduced. To assess the clashing positions, it is essential to recall that Congress carefully designed the Federal Rules of Evidence to be expansive and inclusionary. *Tome v. United States*, 513 U.S. 150 (1995); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993); 2 Weinstein's Federal Evidence, §4.04.20[3] (McLaughlin ed. 2010).

Thus, all relevant evidence is admissible, except as otherwise provided by the Rules of Evidence, the Constitution of the United States, or an Act of Congress. Rule 402. "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. Consistent with the overall design of the Federal Rules of Evidence and the plain language of Rule 401, the federal courts are unanimous in holding that the definition of relevant is expansive and inclusive, *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 387-388 (2008); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 587 (1993), and that the standard for admissibility is very low. *United States v. Needham,* 377 Fed.Appx.

2

84, 85-86, 2010 WL 1932386, 1 (2nd Cir. 2010); *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir. 2007); *United States v. Murzyn,* 631 F.2d 525, 529 (7th Cir. 1980); *United States v. Curtis*, 568 F.2d 643, 645 (9th Cir. 1978). The question is not whether the evidence has great probative weight, but whether it has any and whether in some degree advances the inquiry. *Thompson v. City of Chicago,* 472 F.3d 444, 453 (7th Cir. 2006). As Dean McCormick has aptly phrased it, to be relevant, evidence need only be a brick, not a wall. *See also Huddleston,* 485 U.S. at 691("'[I]ndividual pieces of evidence insufficient in themselves to prove a point may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts.'").

Despite the Federal Rules of Evidence's inclusionary and liberal thrust, relevant evidence "may be excluded if its probative value is *substantially* outweighed by the danger of *unfair* prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403. (Emphasis supplied). It is not enough to say that the evidence of the confession would not come in because it was prejudicial. All evidence is prejudicial; that is why it is used. *Old Chief v. United States*, 519 U.S. 172, 193 (1997); *United States v. Duran*, 407 F.3d 828, 835 (7th Cir. 2005). *See* Ronald Allen & Richard B. Kuhns, An Analytical Approach To Evidence 104-06 (1989). To be excludable under Rule 403, the evidence must be unfairly prejudicial and its probative significance must be substantially outweighed by the danger of that prejudice. While evidence of the decedent's confession is certainly prejudicial, substantial arguments could be advanced as to why it is not *unfairly* prejudicial and why the probative value of the evidence is not *substantially* outweighed by the danger of that prejudice. And if those arguments were accepted, review on appeal would be under the highly deferential abusive standard review, thereby making reversal anything but certain. *See Sprint/United Management Co.*

*v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Old Chief v. United States,* 519 U.S. 172, 183, n. 7 (1997).

While it is true that generally evidence of arrests is not admissible, the instant case does not merely involve the decedent's arrest, but rather his confession to a crime which potentially would result in a term of incarceration for many, many years, if not life. That would be relevant to the question of damages, for it would significantly affect any claim of loss of potential economic support to his recently born child. It should be noted that evidence of the most prejudicial kind is routinely admitted in varying contexts, with courts holding that limiting instructions are efficacious to ensure that the jury will use the evidence for its proper and limited purpose.

In hearsay cases, for example, federal courts have demonstrated a high tolerance for and regularly admit evidence of out-of-court declarations offered for some purportedly non-hearsay purpose, even though that purpose often seems either obscure and artificial or swallowed up by and lost in the hearsay aspects of the declaration, which are singularly prejudicial if utilized by the jury for the truth of their assertions. *See, e.g., United States v. Hartmann*, 958 F.2d 774, 779, 782-83 (7th Cir. 1992). The cases dealing with tips to the police are illustrative–but the principles are not limited to criminal cases. Indeed, civil cases generally present far more complex rationales for admissibility than their criminal counterparts. *See, e.g., Smith v. Great American Restaurants, Inc.*, 969 F.2d 430 (7th Cir. 1992); *Kraft v. City of New York*, 151 F.Supp. 2d. 313 (S.D.N.Y. 2001).

In *United States v. Linwood*, 142 F.3d 418 (7th Cir. 1998), police officers were allowed to testify that during the course of their execution of a search warrant, defendant's twelve year old daughter told them that her mother "sold drugs," that her mother had instructed her to secrete cocaine in a crevice in the foundation of the building, and that her mother's dope money was kept in a purple bag on her mother's dresser. The Seventh Circuit held that the evidence was not offered to prove

4

the truth of what the daughter had said, but only to provide background information leading up to the police officers finding money on the premises. The Court of Appeals held that the instructions were sufficient to ensure that the jury used the evidence for this limited purpose–even though the district court had substantial doubts about the jury's capacity to do so: "this is one of those close calls," he said. "So *if you are able to make that distinction in your minds*. Go ahead." *Id.* at 425 (Emphasis supplied).

The evidence of the decedent's confession might also be deemed relevant to showing that he had a motive – and a rather strong one at that – to ensure that his attempted suicide would not be foiled before he was able to take his own life, thereby making it perhaps more likely that the guards would have ben lulled into thinking that nothing was amiss. And this evidence would be admissible in a liability phase of the case, even if bifurcated. Whether one views admissibility simply under Rule 401 or under Rule 404(b), the result is the same. "Other acts" of a plaintiff are as admissible under Rule 404(b) as are acts of a defendant.

In *Bowden v. McKenna*, 600 F.2d 282 (1st Cir.), *cert. denied,* 444 U.S. 899 (1979), the defendants were charged with having wrongfully killed the plaintiff's decedent during an attempted arrest. The trial court allowed evidence of the decedent's having committed a robbery to show motive by the decedent to have shot at the officers, thereby tending to support their claim of self-defense. Numerous cases have allowed evidence to be admitted against a plaintiff in civil rights cases on the theory that the evidence showed motive on the part of plaintiff to have done something inconsistent with his claims against the police. *See Pittsley v. Warish*, 927 F.3d (1st Cir. 1991)(in suit alleging threats and harassment by police officers, evidence of outstanding arrest warrants for various offenses admissible to show plaintiff's motive to have resisted arrest); *Hernandez v. Cepeda*,

5

860 F.2d 260 (7th Cir. 1988)(same); *Boyd v. City and County of San Francisco*, 576 F.3d 938 (9th Cir. 2009)(numerous prior bad acts of the plaintiff admitted to support the defendant's theory of "suicide by cop."); *Mendoza v. Gates*, 19 Fed.Appx. 514 (9th Cir. 2001) (evidence plaintiff was on probation admissible to show motive to flee from police).

*Lounds v. Torres*, 217 Fed.Appx. 755 (10th Cir. 2007) illustrates the reach of Rule 404(b) and the non-exhaustive nature of the categories of proper purpose enumerated in the Rule. In *Lounds*, the decedent's wife sued the police for excessive force in arresting her husband who was killed during the encounter. She sought damages for grief and loss of companionship. At trial, the district court admitted evidence of her husband's history of domestic violence towards her, even though the evidence was not offered to show motive, intent, opportunity, plan, knowledge or absence of mistake. The Tenth Circuit affirmed. Other cases have also allowed Rule 404(b) evidence to rebut damage claims based upon grief and loss of companionship by widows whose husband had been killed or assaulted by the police. *See e.g.*, *Jones v. DeVaney*, 107 Fed.Appx. 709, 710 (9th Cir. 2004); *Udemba v. Nicoli*, 237 F.3d 8 (1st Cir. 2001).

If the evidence of the decedent's confession were to be admitted, reversal would be exceedingly difficult. The decision to admit or exclude evidence is a highly discretionary one, reviewable under the highly deferential standard of abuse of discretion. Discretion denotes the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 541 (1931); *Rogers v. Loether,* 467 F.2d 1110, 1111-12 (7th Cir.1972)(Stevens, J.). An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *United States v. Harris,* 531 F.3d 507, 514 (7th Cir.2008); *United States v. Jefferson,* 252 F.3d 937, 940 (7th Cir.2001); *Roadway Exp., Inc. v. U.S. Dept. of Labor,* 495 F.3d 477, 484-485 (7th Cir.2007). On virtually identical facts, two decision

makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *United States. v. Banks,* 546 F.3d 507, 508 (7th Cir. 2008). "The striking of a balance of uncertainties can rarely be deemed unreasonable...." *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.).

These were by no means the only problems that the Administrator would face in pursuing the case. There was a good deal of evidence that the guards had conducted themselves appropriately and were not willfully indifferent to the decedent's situation. If the jury were persuaded by this evidence, and there would be no financial recovery for the estate. The settlement reached by the parties eliminated those risks and ensured a substantial recovery. It should be noted that counsel for the parties conducted themselves at all times with the highest degree of professionalism and dedication to their respective clients.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/15/11